[No. 13716. Department Two. — February 26, 1892.]

## JOHN A. WHELAN, APPELLANT, v. ALEXANDER BOYD ET AL., RESPONDENTS.

INJUNCTION — EXCAVATION OF ALLEYWAY — EVIDENCE — EFFECT OF MAP — DEDICATION — PUBLIC USER. — In an action to enjoin the excavation of what is claimed by the plaintiff to be a private street or alleyway, made such by mesne conveyances under an alcalde grant for the private benefit of owners of lots who had purchased thereunder, where the only question at issue is, whether the land involved was or was not a public street, it is error to hold that it is conclusively proved to be a public street because laid down as such on a map of the city, and to refuse to allow the plaintiff to prove that there had been no dedication by the owner of the land to the public use, and no user thereof by the public as a street.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Hutchinson & Campbell,* for Appellant.

*Pillsbury, Blanding & Hayne,* for Respondents.

FOOTE, C. — This action was to enjoin the excavation of what is claimed to be a private street or alleyway. The only question at issue seems to be, whether the land involved was or was not a *public street.* Findings were waived.

The court below held, in effect, that it was conclusively proved to be a public street, because it was laid down as such upon what is called the "Engineers' Map," and "Humphrey's Map of the City and County of San Francisco," and on that account would not allow the plaintiff to introduce proffered testimony upon the point that there had been no dedication by the owner of the land to the public use, and no user thereof by the public as a street.

The land here involved came direct to the original owner under an alcalde grant, and as private property. His grantee, through mesne conveyances, chose to make the land now in controversy a way for the common benefit of certain owners of lots who had purchased the same from him. Whether it also became a public street did not depend upon the fact alone that the land appears on these maps as a public street, but whether the proof showed that it had been offered for dedication, and accepted as such by user or otherwise.

Upon these points the evidence offered was admissible, and it was prejudicial error to exclude it.

The judgment and order should be reversed, and we so advise.

TEMPLE, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed.